Herminio **VALENTIN MUÑOZ,** et al., Plaintiffs,

v.

**ISLAND FINANCE CORP.,** et al., Defendants.

No. CIV.04–1587(HL).

United States District Court, D. Puerto Rico.

March 28, 2005.

Noel Aviles–Gonzalez, Aguadilla, PR, for Herminio Valentin–Munoz, Rosalia Gonzalez–Beniquez, Conjugal Partnership Valentin–Gonzalez, Plaintiffs.

Seth Erbe, Indiano & Williams, PSC, Christian M. Echavarri–Junco, O'Neill & Borges, Edna E. Perez–Roman, O'Neill & Borges, San Juan, PR, for Island Finance Corp., c/o Elizabeth Ortiz Irizarry, Hartford Life and Accident Insurance Company, c/o Humberto Torres, Defendants.

## ORDER

LAFFITTE, District Judge.

Before the Court is plaintiffs' motion to remand this case back to the Commonwealth of Puerto Rico Court of First Instance Superior Court, Aguadilla Part. Co-defendant Hartford Life and Accident Insurance Company ("Hartford Life") opposes said motion and co-defendant Island Finance Corporation joins Hartford Life's opposition.

For the reasons set forth below, the Court **grants** plaintiffs' motion to remand.

## FACTUAL BACKGROUND

Plaintiff Herminio Valentin Muñoz (Valentin) and his wife, Rosalia González Beniquez, originally filed a complaint with the Commonwealth of Puerto Rico Court of First Instance Superior Court, Aguadilla Part. The complaint alleges that Valentin is a beneficiary of a long-term disability benefits program provided by his former employer, co-defendant Island Finance Corporation, and administered by co-defendant Hartford Life. The complaint further alleges that during an interview evaluating Valentin's continuing entitlement to long-term disability benefits under this program, Hartford Life employees Francisco Di Carlo and Fred Diggle knew of Valentin's mental and emotional disorders and intentionally and/or negligently inflict-

ed severe distress upon Valentin through their interviewing techniques. Specifically, plaintiffs allege that the interview was conducted in a hostile, humiliating, and threatening manner.

Plaintiffs also claim that defendants knew that Valentin did not speak English and that as part of the interview Valentin was shown videos of himself while the interviewers mocked him in the English language. Plaintiffs submit that during the interview Valentin suffered a nervous breakdown and fainted as a result of the interview questions, video viewing, and intimidating and hostile conduct of the interviewers. While still unconscious, Valentin was taken to the San Francisco Clinic where he was diagnosed with syncope. Plaintiffs claim that after this incident Valentin's mental health has further declined. Plaintiffs seek medical expenses and damages for physical injuries, mental anguish and suffering.

On June 21, 2004, co-defendant Hartford Life removed the case to this Court pursuant to 28 U.S.C. § 1441 and the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a). Plaintiffs move for remand for lack of subject matter jurisdiction on the grounds that their state tort claims are not preempted by ERISA. In the alternative, plaintiffs request that they be permitted to add federal civil rights claims to their complaint if the Court finds that removal was appropriate. In opposition, defendants argue that the case was properly removed to this Court because plaintiffs' claims (1) are preempted by ERISA and (2) are wholly or partially based on violation of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), 42 U.S.C. § 1320d, *et seq.*

## DISCUSSION

### I.

■ Under the removal statute, "[a]ny civil action of which the district courts

have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties ..." 28 U.S.C. § 1441(b); *see also* 28 U.S.C. § 1331. Ordinarily, the determination of whether a particular case arises under federal law turns on the "well-pleaded complaint" rule. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 9–10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Under the well-pleaded complaint rule, jurisdiction is ascertained from the face of the state court complaint that triggered the removal. *Danca v. Private Health Care Systems, Inc.,* 185 F.3d 1, 4 (1st Cir.1999) (citing *Franchise Tax Board,* 463 U.S. at 9–10, 103 S.Ct. 2841.)

■ However, there is an exception to the well-pleaded complaint rule. "Where a claim, though couched in the language of state law, implicates an area of federal law for which Congress intended a particularly powerful preemptive sweep, the cause is deemed federal no matter how pleaded." *Id.* (citing *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)). In other words, " 'when a federal statute wholly displaces the state-law cause of action through complete pre-emption,' the state claim can be removed." *Aetna Health Inc. v. Davila,* 542 U.S. 200, 124 S.Ct. 2488, 2495, 159 L.Ed.2d 312 (2004). ERISA is precisely one of these federal statutes. *Id.; see also Hotz v. Blue Cross & Blue Shield of Mass., Inc.,* 292 F.3d 57, 59 (1st Cir.2002) (ERISA's civil enforcement provisions, ERISA § 502(a), have been interpreted to establish federal removal jurisdiction over any state law claims that in substance seek relief that is otherwise within the scope of those ERISA remedy provisions.)

■ Aside from "complete" preemption, there is another type of preemption

known as "conflict" or "ordinary" preemption. Conflict preemption arises when a federal law conflicts with state law, thus providing a federal defense to a state law claim. Conflict preemption does not completely preempt the field of state law so as to provide a basis for federal jurisdiction. *See Danca,* 185 F.3d at 4–5. Therefore, the affirmative federal defense of ERISA § 514 is not relevant to the complete preemption analysis. In considering whether a state law claim is completely preempted by ERISA, and thus removable, courts look only to ERISA § 502(a). *Id.*

■ ERISA § 502(a) provides for, *inter alia,* a cause of action by a plan participant or beneficiary "to recover benefits due . . . under the terms of the plan, to enforce . . . rights under the terms of the plan, or to clarify . . . rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "To establish complete preemption defendants must show that the state cause of action falls within the scope of ERISA § 502(a)," 29 U.S.C. § 1132(a). *Danca,* 185 F.3d at 5. In other words, for complete preemption to occur, the state law at issue " must be properly characterized as an 'alternative enforcement mechanism' of ERISA § 502(a) or the terms of an ERISA plan." *Id.* This means that "if an individual at some point in time could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA." *Aetna Health Inc.,* 124 S.Ct. at 2496.

■ In the complaint at bar, plaintiffs seek to recover under a theory of negligence on the part of the insurance company representatives that conducted the interview to determine Valentin's continued eligibility for long-term disability benefits. Specifically, plaintiffs assert claims of intentional and/or negligent infliction of emo-

tional distress. As discussed above, plaintiffs' complaint may be deemed to state a federal claim warranting removal pursuant to ERISA only if one or more of the claims is properly characterized as seeking to recover benefits due to Valentin under the terms of the long-term disability plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. *See Lupo v. Human Affairs Intern., Inc.,* 28 F.3d 269, 272 (2nd Cir.1994).

■ Here, plaintiffs allege that employ- , ees of co-defendant Hartford Life knew of Valentin's depression, anxiety, attention, concentration, and memory problems and intentionally or negligently interviewed him in an intimidating, hostile, humiliating, and threatening manner. Plaintiffs further submit that this conduct caused Valentin to suffer a nervous breakdown, temporarily lose consciousness, and subsequently experience a decline in mental and neurological health. On their face, plaintiffs' claims clearly do not "bear[ ] any significant resemblance" to those claims described in § 502(a). *Id.* Plaintiffs do not seek to recover benefits, enforce rights under the terms of the plan, or clarify rights to future benefits. The causes of action asserted in the complaint simply do not fall within the scope of an ERISA provision that plaintiff can enforce via § 502(a). Moreover, plaintiffs' state law claims arise from duties independent of the employee benefit plan and can be resolved without any interpretation of the plan.

In view of the aforementioned, the Court finds that plaintiffs' state law negligence and infliction of emotion distress claims are not alternative enforcement mechanism of either ERISA § 502(a) or the terms of the employee benefit plan. Hence, these state law claims have not been displaced by § 502(a), and thus are

not completely preempted. *See Danca,* 185 F.3d at 5. Therefore, in the present case, ERISA does not provide an appropriate jurisdictional basis justifying removal of plaintiffs' action to this Court.

## II.

■ Defendants also argue that the case was properly removed to this Court pursuant to 28 U.S.C. § 1441 because plaintiffs' claims are wholly or partially based on violation of the Health Insurance Portability and Accountability Act of 1996 (HIPAA). 42 U.S.C. §§ 1320d, *et seq.* As discussed above, "a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd.,* 463 U.S. at 2, 103 S.Ct. 2841. The United States Supreme Court has held that "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private federal cause of action, does not state a claim" arising under federal law. *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 817, 106 S.Ct. 3229, 3237, 92 L.Ed.2d 650 (1986).

■ HIPAA provides for civil and criminal penalties to be imposed on persons who improperly handle or disclose individually identifiable health information. *See Logan v. Dept. of Veterans Affairs,* 2004 WL 3168183 at *4 (D.D.C.2004); HIPAA § 262, 42 U.S.C. §§ 1320d to d–8. However, the law specifically indicates that only the Secretary of Health and Human Services or other authorized state authorities may bring forth a HIPAA enforcement action. *See* 42 U.S.C. § 300gg–22; *Logan,* 2004 WL 3168183 at *4 (citing *O'Donnell v. Blue Cross Blue Shield of Wyo.,* 173 F.Supp.2d 1176, 1180 (D.Wyo. 2001)). Thus, HIPAA does not provide for an express private cause of action. Moreover, courts have consistently found that HIPAA does not provide an *implied* private cause of action. *See e.g., id.; O'Donnell,* 173 F.Supp.2d at 1180; *Univ. of Colo. Hosp. v. Denver Publ'g Co.,* 340 F.Supp.2d 1142, 1144–45 (D.Colo.2004); *Johnson v. Parker Hughes Clinics,* 2005 WL 102968 at *2 (D.Minn.2005); *Northwestern Memorial Hosp.; Assoc'n of Amer. Physicians & Surgeons, Inc.,* 224 F.Supp.2d 1115, 1129 (S.D.Tex.2002). Therefore, without reaching the issue of whether plaintiffs assert claims under HIPAA in the present case, the Court concludes that HIPAA cannot provide an appropriate basis for removal to this Court because federal jurisdiction cannot be based on a federal statute that does not provide a private cause of action. *See Merrell Dow Pharmaceuticals, Inc.,* 478 U.S. at 817, 106 S.Ct. 3229.

## CONCLUSION

For the aforementioned reasons, the Court concludes that it lacks subject matter jurisdiction over plaintiffs' claims. Accordingly, pursuant to 28 U.S.C. § 1447(c), the Court hereby remands this case back to the Commonwealth of Puerto Rico Court of First Instance Superior Court, Aguadilla Part.

**IT IS SO ORDERED.**